1 | Leonard M. Shulman - Bar No. 126349
Brandon J. Iskander - Bar No. 300916
2 | **SHULMAN HODGES & BASTIAN LLP**
100 Spectrum Center Drive, Suite 600
3 | Irvine, California 92618
Telephone:     (949) 340-3400
4 | Facsimile:     (949) 340-3000
Email:          LShulman@shbllp.com
5 |              BIskander@shbllp.com

6 | Proposed Attorneys for Plaintiff Lynda T. Bui,
Chapter 7 Trustee

7 |

8 | **UNITED STATES BANKRUPTCY COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION**

10 |

| | |
|---|---|
| In re | Case No. 6:19-bk-10263-SY |
| **GEORGE W. NASR**<br>*aw* **American General Private Security Corp**<br>*aw* **A&G Uniform Inc.,** | Chapter 7 |
| | Adv Case No. |
| Debtor. | **COMPLAINT FOR:** |
| | **1. AVOIDANCE OF INTENTIONAL FRAUDULENT TRANSFERS AND RECOVERY OF SAME [11 U.S.C. §§ 544, 548, 550; CAL. CIV. CODE §§ 3439.04, 3439.07];** |
| LYNDA T. BUI, solely in her capacity as Chapter 7 Trustee for the bankruptcy estate of George W. Nasr, | |
| Plaintiff, | **2. AVOIDANCE OF CONSTRUCTIVE FRAUDULENT TRANSFERS AND RECOVERY OF SAME [11 U.S.C. §§ 544, 548, 550; CAL. CIV. CODE §§3439.04, 3439.05, 3439.07];** |
| vs. | |
| VICTOR LOUIS GUIRGUIS, an individual, | |
| Defendant. | **3. PRESERVATION OF AVOIDED TRANSFERS [11 U.S.C. § 551];** |
| | **4. DISALLOWANCE OF CLAIMS [11 U.S.C. § 502(d)]; and** |
| | **5. UNJUST ENRICHMENT [11 U.S.C. § 105]** |

Lynda T. Bui, solely in her capacity as the duly appointed and acting Chapter 7 Trustee ("Trustee" or "Plaintiff") for the bankruptcy estate ("Estate") of George W. Nasr ("Debtor") hereby brings this Complaint and respectfully complains and alleges as follows:

## I.    <u>STATEMENT OF JURISDICTION AND VENUE</u>

1.    This adversary proceeding is filed pursuant to Federal Rule of Bankruptcy Procedure 7001(1) (a proceeding to recover money or property).

2.    Plaintiff, as Trustee for the Debtor's Estate, has standing to bring this action under 11 U.S.C. §§ 323, 544, 548, and 550.

3.    This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 in that this action arises in and relates to the Debtor's bankruptcy pending in the United States Bankruptcy Court for the Central District of California, Riverside Division entitled <u>In re George W. Nasr</u>, Case No. 6:19-bk-10263-SY ("Main Bankruptcy Case") on the Court's docket.

4.    This action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate) and (b)(2)(H) (proceeding to determine, avoid or recover fraudulent conveyances).    To the extent any related claims are determined not to be a core proceeding, Plaintiff consents to an entry of final judgment and orders by the Bankruptcy Court.

5.    Venue is proper in this District pursuant to 28 U.S.C. § 1409(a), as this adversary proceeding arises under Title 11, or arises under or relates to a case under Title 11, which is pending in this District and does not involve a consumer debt less than $19,250.00.

6.    To the extent that the Plaintiff asserts claims under 11 U.S.C. § 544, the Plaintiff is informed and believes and based thereon alleges that there exists in this case one or more creditors holding unsecured claims allowable under 11 U.S.C. § 502 or are not allowable under 11 U.S.C. § 502(e), who can avoid the respective transfers as set forth hereinafter under California or other applicable law.

///

///

///

## II.   PARTIES

7.     Plaintiff is the duly appointed, qualifying, and acting Chapter 7 Trustee for the Debtor's Estate, and brings the claims asserted herein in that capacity.

8.     Plaintiff is informed and believes and thereon alleges that the Defendant, Victor Louis Guirguis aka Victor Guirguis ("Defendant"), is an individual residing in the County of Los Angeles, State of California.

## III.   GENERAL ALLEGATIONS

9.     The Debtor filed a Voluntary Petition for relief under Chapter 7 of the Bankruptcy Code on January 11, 2019 ("Petition Date").

10.    On February 12, 2019 at 10:00 a.m., a Section 341a meeting of creditors ("Meeting") was held in the Main Bankruptcy Case.

11.    At the Meeting, the Plaintiff as Trustee of the Estate examined the Debtor, who testified under oath.

12.    At the Meeting, the Debtor testified that the Defendant is his very old friend of twenty (20) years.

13.    At the Meeting, the Debtor testified that he borrowed money from time to time from the Defendant, but such loans were never in writing.

14.    At the Meeting, the Debtor testified that the alleged loans he received from the Defendant were never intended to be secured.

15.    At the Meeting, the Debtor testified that he agreed to give a security interest in real property to the Defendant because the Debtor's business was "going down" and because of his relationship with the Defendant.

16.    At the Meeting, the Debtor admitted that he agreed to give a security interest in real property to the Defendant in 2017.

17.    At the Meeting, the Debtor admitted that he could not locate evidence in the form of bank statements that show the loans he allegedly received from the Defendant.

///

///

18.    On or about September 1, 2017, the Debtor allegedly entered into a promissory note with the Defendant for payment in the amount of $300,000.00 ("Guirguis Note").  A true and correct copy of the Guirguis Note is attached hereto as **Exhibit 1.**

19.    Plaintiff is informed and believes that no consideration was provided by the Defendant to the Debtor in exchange for entering into the Guirguis Note with the Defendant.

20.    The Guirguis Note was backdated to be effective on October 31, 2015.

21.    The Guirguis Note provides that it will a secured a "first priority security interest in all of the tangible and intangible property of the Borrower [Debtor] located at 1038 Mccall Dr. Corona, CA 92881, to be recorded in all applicable governmental offices."

22.    Plaintiff is informed and believes that the Guirguis Note is allegedly secured by a Deed of Trust and Assignment of Rents recorded against the Debtor's residence located at 1038 McCall Drive, Corona, California 92881 (the "Property") on October 5, 2017 in the Official Records of the County of Riverside, Document No. 2017-0415292 (the "Guirguis DOT" or "Transfer").

23.    A true and correct copy of the Guirguis DOT is attached hereto as **Exhibit 2.**

## IV.    <u>FIRST CLAIM FOR RELIEF</u>

**Avoidance and Recovery of Intentional Fraudulent Transfers**

**[11 U.S.C. §§ 544, 548, 550; Cal. Civ. Code § 3439.04, 3439.07]**

24.    Plaintiff hereby incorporates by reference paragraphs 1 through 23 and realleges these paragraphs as though set forth in full.

25.    The Transfer as alleged above is of the Debtor's property.  Plaintiff specifically reserves the right to amend this Complaint to allege additional transfers which may become known after further investigation and discovery.

26.    The Transfer was made on or within four (4) years of the Petition Date, but in no event longer than seven (7) years prior to the Petition Date.

///

///

///

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

27.     The Transfer was made with the intent to hinder, delay or defraud the Debtor's creditors.

28.     The Transfer was for no consideration or for less than reasonably equivalent value.

29.     The Transfer was to or for the benefit of an insider of the Debtor.  <u>Acequia, Inc. v. Clinton (In re Acequia, Inc.)</u>, 34 F.3d 800, 806 (9th Cir. 1994); <u>Kaisha v. Dodson</u>, 423 B.R. 888, 901 (N.D. Cal. 2010).

30.     The Transfer was made at a time when the Debtor was insolvent and/or rendered insolvent by virtue of said Transfer.

31.     The Transfer occurred shortly before or shortly after a substantial debt was incurred.

32.     On the Debtor's Statement of Financial Affairs (Main Bankruptcy Case, Dk. No. 23), Question Number 18, the Debtor, under penalty of perjury, does not disclose any "transfers made as security (such as the granting of a security interest or mortgage on your property)" made within two (2) years immediately the Petition Date.  A true and correct copy of the Debtor's Statement of Financial Affairs filed with the Bankruptcy Court is attached hereto as **Exhibit 3.**

33.     In failing to disclose the Transfer in his Statement of Financial Affairs that he submitted to the Bankruptcy Court under penalty of perjury, the Debtor concealed the Transfer.

34.     Based on the foregoing, Plaintiff may avoid the Transfer and recover the equivalent value of the Transfer for the Estate from the Defendant for whose benefit the Transfer was made pursuant to 11 U.S.C. §§ 544, 548 and 550, and California Civil Code §§ 3439.04 and 3439.07.

## V.     <u>SECOND CLAIM FOR RELIEF</u>

**Avoidance and Recovery of Constructive Fraudulent Transfers**

**[11 U.S.C. §§ 544, 548, 550, 551; Cal. Civ. Code §§ 3439.04, 3439.05, 3439.07, 3439.08, 3439.09]**

35.     Plaintiff hereby incorporates by reference paragraphs 1 through 23 and realleges these paragraphs as though set forth in full.

36.     Plaintiff is informed and believes, and based thereon alleges, that the Debtor had creditors at the time of the Transfer that remain unpaid as of the Petition Date.

37.     Plaintiff is informed and believes and based thereon alleges that the Transfer was made on or within four (4) years of the Petition Date, but in no event no longer than seven (7) years prior to the Petition Date.

38.     Plaintiff is informed and believes and based thereon alleges that the Transfer was made:

(a)     For less than reasonably equivalent value, or any value, in exchange for said Transfer; and

(b)     The Debtor was insolvent on the date of the Transfer or became insolvent as a result of the Transfer; or

(c)     The Debtor intended to incur or believed (or reasonably should have believed), that they would incur debts beyond the Debtor's ability to pay such debts as they became due.

39.     Based upon the foregoing, Plaintiff may avoid the Transfer and recover the equivalent value of the Transfer for the benefit of the Estate from the Defendant, for whose benefit the Transfer was made pursuant to 11 U.S.C. §§ 544, 548 and 550, and California Civil Code §§ 3439.04 and 3439.07.

## VI.     THIRD CLAIM FOR RELIEF

### Preservation of Avoided Transfers

### [11 U.S.C. § 551]

40.     Plaintiff hereby incorporates by reference paragraphs 1 through 23 and realleges these paragraphs as though set forth in full.

41.     Plaintiff is informed and believes that the Defendant received avoidable transfers.

42.     Pursuant to 11 U.S.C. § 551, the Transfer is preserved for the benefit of the Estate.

## VII.     FOURTH CLAIM FOR RELIEF

### Disallowance of Claims by Defendant

### [11 U.S.C. § 502(d)]

43.     Plaintiff hereby incorporates by reference paragraphs 1 through 23 and realleges these paragraphs as though set forth in full.

///

SHULMAN HODGES &
BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

44.     Defendant is an entity from which property is recoverable under 11 U.S.C. § 550 and Defendant received an avoidable transfer under 11 U.S.C. § 544.

45.     Defendant has not paid the amount or turned over any such Property for which Defendant is liable under 11 U.S.C. § 522(i), 542, 543, 544, 550, and 553 of the Bankruptcy Code.

46.     Pursuant to 11 U.S.C. §502(d), to the extent Defendant files a claim against the Debtor's Estate, such claim should be disallowed.

## VIII.   FIFTH CLAIM FOR RELIEF

### Unjust Enrichment

### [11 U.S.C. § 105]

47.     Plaintiff hereby incorporates by reference paragraphs 1 through 23 and realleges these paragraphs as though set forth in full.

48.     The Defendant received a benefit through the Transfer, and Defendant's retention of the Transfer and/or the value of the Transfer, results in unjust retention of said benefit at the Estate's expense.

## IX.   PRAYER

**WHEREFORE**, Plaintiff prays that this Court enter judgment as follows:

1.     Avoiding the Transfer, and declaring that the Transfer be annulled and rendered void as a fraudulent transfer, and ordering the recovery of the Transfer for the benefit of the Estate or the value of said Transfer for the benefit of the Estate, together with interest thereon at the legal rate from the date of the Transfer;

2.     That the Transfer is avoided and shall be preserved for the benefit of the Estate pursuant to 11 U.S.C. § 551;

3.     That if Defendant fails or refuses to turn over the Transfer and/or the value of the Transfer to Plaintiff, any claim of the Defendant shall be disallowed;

4.     Declaring that the Defendant was unjustly enriched by the Transfer, and for an order recovering and preserving the Transfer for the benefit of the Estate, or the value of the Transfer for the benefit of the Estate, together with interest thereon at the legal rate from the date of the Transfer;

///

5.    For costs of suit incurred herein, including attorneys' fees and costs as provided by applicable case law, statute and/or agreement of the parties; and

6.    For such other and further relief as the Court may deem just and proper under the circumstances of this case.

**SHULMAN HODGES & BASTIAN LLP**

DATED: June 10, 2019        By:    /s/ Brandon J. Iskander

Leonard M. Shulman
Brandon J. Iskander
Proposed Attorneys for Plaintiff Lynda T. Bui,
Chapter 7 Trustee

# EXHIBIT 1

# PROMISSORY NOTE

This Promissory Note (the "Note") is made and effective the [10/31/2015],

**BETWEEN:**      **[Victor Guirguis]** (the "Lender"), with home located at:
24923 Ironwood Dr., Valencia, CA 91355

**AND:**      **[George Nasr]** (the "Borrower"), a person with her home located at:
1038 Mccall Dr, Corona, Ca 92881
DL # A9473972
SS # 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

**TERMS**

FOR VALUE RECEIVED, the Borrower promises to pay to the order of Lender, at its principal home located at [24923 Ironwood Dr., Valencia, CA 91355], or at such other place that is designated in writing by the holder hereof, the principal sum of [$ **300,000.00** US Dollar], **$ 276,000.00** original amount together with all charges and interest herein provided, payable at the rate and in the manner hereinafter set forth:

1.  Borrower shall make monthly payments of principal and interest at the rate of [**9%**] per annum based upon an amortization of [60] months. Monthly payments shall be due on or before the first day of each month with the first payment being due on or before [01/01/2016]. If not sooner paid, all amounts due under this Note, including principal, interest and other charges shall be due and payable in full on or before the first day of [January], [2016] (the "Maturity 01/01/2021"). Time is of the essence of the payment obligations hereunder and each monthly payment shall be due and payable on or before the first day of each month. $ **5000.00.**

2.  This Note is and will be secured by a certain first priority security interest in all of the tangible and intangible property of the Borrower located at 1038 Mccall Dr. Corona, CA 92881, to be recorded in all applicable governmental offices. The parties shall execute a separate security agreement, in form and substance acceptable to the Lender in all respects. Borrower agrees to execute any such security agreements presented by the Lender or other documents required by the Lender in order to perfect its security interest in the above described property. Said Security Agreement and any other instruments and documents executed in connection with or given as security for this Note shall hereinafter be referred to collectively as the "Loan Documents." All of the terms, covenants, Conditions, representations and warranties contained in the Loan Documents are hereby made part of this Note to the same extent and with the same force and effect as if fully set forth herein.

3. If all or any portion of any payment due hereunder is not received by the Lender within [10] Calendar days after the 1st of each month when such payment is due, Borrower shall pay a late charge equal to [5%] of such payment, such late charge to be immediately due and payable without demand by Lender.

4. Borrower shall have the right to prepay all (but not a portion) of the indebtedness evidenced by this Note at any time, by paying the Lender an amount equal to the sum of (I) the principal balance then outstanding, (ii) all interest accrued to the 01/01/2021 of such prepayment, (iii) all interest calculated through the Maturity 01/01/2021, and (iv) any late charge or charges then due and owing.

5. If any payment under this Note is not paid in full by the [10th] of any month during the term hereof or if the entire amount due as represented by this Note is not paid in full on or before the Maturity 01/01/2021, or should default be made in the performance or observation of any of the terms, covenants, or conditions contained in the Loan Documents, or if any representation or warranty contained in the Loan Documents is breached or is or becomes untrue, this Note shall be in default, and the entire principal amount outstanding hereunder, accrued interest thereon, all late charges, if any, and any and all other charges due hereunder, shall, at Lender's option, immediately become due and payable, without further notice, the giving of such notice being expressly waived by the Borrower. Lender may exercise this option to accelerate during any default by the Borrower, regardless of any prior forbearance. In the event of any such default, and if the same is referred to an attorney-at-law for collection, or if any action at law or in equity is brought with respect hereto, Borrower shall pay to Lender, in addition to all other charges required pursuant to the terms hereof or pursuant to the terms of the Loan Documents, all costs and expenses of the Lender. From and after the maturity 01/01/2021, or during default, if such default should occur prior to the Maturity 01/01/2021, the outstanding principal amount hereunder and accrued interest and other charges shall bear interest at the highest rate allowed by law.

6. From time to time, without affecting the joint and several obligations of all makers, sureties, guarantors and endorsers hereof, and their respective successors and assigns, (I) to pay the outstanding principal balance herein and accrued interest thereon, (ii) to observe the covenants contained herein, (iii) to observe the terms, covenants and conditions of the Loan Documents or any instrument govern to secure the performance hereof, and without giving notice to or obtaining the consent of any maker, surety, guarantor or endorser hereof, or their successors or assigns, and without liability on the part of the holder hereof, the holder hereof may, at its option, extend the time for payment or any part thereof, release anyone liable for payment herein, renew this note, modify the terms or times for payment herein, join in any extension of subordination hereof, release any security given therefore, take or release additional security, modify the rate of interest herein or agree in writing with the undersigned to modify the terms, covenants and conditions of any instrument given to secure performance hereof.

7. ANY RIGHT OF TRIAL BY JURY, PRESENTMENT, NOTICE OF DISHONOR, AND PROTEST ARE HEREBY WAIVED BY ALL MAKERS, SURETIES, GUARANTORS AND ENDORSERS HEREOF. This Note shall be the joint and several obligation of all

makers, sureties, guarantors, and endorsers hereof and shall be binding upon them and their respective heirs, executors, administers, successors and assigns.

8. Borrower shall pay the costs of all documentary, revenue, tax or other stamps now or hereafter required by any law at any time to be affixed to or which are otherwise made necessary as a result of this Note or any of the Loan Documents, and if any taxes be imposed with respect to debts secured by mortgages and or deeds of trust with respect to notes evidencing debts so secured, Borrower agrees to pay to Lender the full amount of any such taxes, and hereby waives any contrary provisions if any laws of rules of court now or hereafter in effect.

9. Lender and Borrower intend that the relationship created and evidenced by this Note and the Loan Documents shall be solely that of debtor and creditor. Nothing in this Note shall be construed as creating a joint venture, partnership, tenancy in common, or joint tenancy between Lender and Borrower.

10. The remedies of this Note are cumulative and concurrent and may be pursued singularly or successively together, at the sole discretion of the holder, and may be exercised as often as occasion therefor shall occur. The waiver by Lender or failure to enforce any term, covenant or condition of this Note or to declare any default hereunder, shall not operate as a waiver of any subsequent default or affect the right of the holder to exercise any right or remedy not expressly waived in writing by the holder.

11. The unenforceability or invalidity of any one or more provisions of this Note shall not render any other provision herein contained unenforceable or invalid. This note and all of the Loan Documents shall be construed under the laws of the State of California.

12. The guaranty hereunder shall be unconditional and absolute and the Borrower waive all rights of subrogation and set-off until all sums under this guaranty are fully paid.

13. This Guaranty and the rights and obligations of Lender and of Borrower hereunder shall be governed and construed in accordance with the laws of the State of [CA], without regard to conflicts of law principles, and shall be binding upon Borrower and its successors and assigns, and this Guaranty shall inure to the benefit of and be enforceable by Lender and its successors and assigns.

14. Borrower agrees that Lender may assign without notice all or a part of its rights hereunder and Borrower agrees, in such case, that any such assignee shall have the rights of Lender hereunder and further agrees to perform any such assigned obligations for the benefit of any such assignee.

15. Borrower agrees not to sell the house nor renting it before paying off the principal loan first to the lender.

Promissory Note
Borrower signature

EXHIBIT 1

## THE GUARANTY

Borrower acknowledges to be aware of the terms and conditions of the Agreements, and does hereby irrevocably and unconditionally guaranty, without offset or deduction, jointly and severally, the due and punctual payment when due by Borrower of all moneys now or hereafter due Lender pursuant to the Agreements (collectively, "Payment Obligations") and the prompt and proper performance by Borrower of all of its obligations to Lender pursuant to the Agreements, other than those relating to the payment of money (collectively, "Non-Payment Obligations") (all such Payment Obligations and Non-Payment Obligations being hereinafter collectively referred to as the "Obligations").  Borrower agrees that in the event that fails to pay any Payment Obligation or perform any Non-Payment Obligation for any reason whatsoever (including, without limitation, the liquidation, insolvency, bankruptcy, reorganization, arrangement or readjustment of, or other similar proceedings affecting the status, existence, assets or obligations of, Borrower , or the disaffirmance with respect to Borrower  of any of the Agreements), Borrower will promptly pay or perform, as the case may be, such Obligations upon demand of Lender . To the fullest extent permitted by law, the obligations of Borrower hereunder shall not be affected by (a) any lack in the genuineness, validity, regularity or enforceability of any of the Borrower 's obligations under the Agreements; (b) any direction of application by Borrower  or any other party; (c) any other continuing or other guaranty or undertaking or the taking or releasing by Lender  of any security or any further security in connection with the Agreements; (d) any payment on or in reduction of any other guaranty or undertaking; or (e) any dissolution, termination, or increase, decrease or changes of personnel of Borrower .

IN WITNESS WHEREOF, the undersigned has caused this Promissory Note to be duly executed as of the 09/01/2017 first written below.

LENDER

_____
Authorized Signature

George W. Nasr
Print Name and Title

BORROWER

_____
Authorized Signature

VICTOR LOUIS GUIRGUIS
Print Name and Title

**THE GUARANTY**

Borrower acknowledges to be aware of the terms and conditions of the Agreements, and does hereby irrevocably and unconditionally guaranty, without offset or deduction, jointly and severally, the due and punctual payment when due by Borrower of all moneys now or hereafter due Lender pursuant to the Agreements (collectively, "Payment Obligations") and the prompt and proper performance by Borrower of all of its obligations to Lender pursuant to the Agreements, other than those relating to the payment of money (collectively, "Non-Payment Obligations") (all such Payment Obligations and Non-Payment Obligations being hereinafter collectively referred to as the "Obligations").  Borrower agrees that in the event that fails to pay any Payment Obligation or perform any Non-Payment Obligation for any reason whatsoever (including, without limitation, the liquidation, insolvency, bankruptcy, reorganization, arrangement or readjustment of, or other similar proceedings affecting the status, existence, assets or obligations of, Borrower , or the disaffirmance with respect to Borrower  of any of the Agreements), Borrower will promptly pay or perform, as the case may be, such Obligations upon demand of Lender . To the fullest extent permitted by law, the obligations of Borrower hereunder shall not be affected by (a) any lack in the genuineness, validity, regularity or enforceability of any of the Borrower 's obligations under the Agreements; (b) any direction of application by Borrower  or any other party; (c) any other continuing or other guaranty or undertaking or the taking or releasing by Lender  of any security or any further security in connection with the Agreements; (d) any payment on or in reduction of any other guaranty or undertaking; or (e) any dissolution, termination, or increase, decrease or changes of personnel of Borrower .

IN WITNESS WHEREOF, the undersigned has caused this Promissory Note to be duly executed as of the 09/01/2017 first written below.

LENDER

_____
Authorized Signature

George W. Nasr_____
Print Name and Title

BORROWER

_____
Authorized Signature

VICTOR LOUIS GUIRGUIS_____
Print Name and Title

# EXHIBIT 2

**RECORDING REQUESTED BY:**

VICTOR GUIRGIS

**WHEN RECORDED MAIL TO:**

VICTOR ~~GUIRGIS~~  GUIRGUIS
24923 IRONWOOD DR
VALENCIA
CA 91355

**2017-0415292**
10/05/2017 04:27 PM Fee: $ 59.00
Page 1 of 4
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

110

SPACE ABOVE THIS LINE FOR RECORDER'S USE

**APN: 116-202-007-7**      **DEED OF TRUST AND ASSIGNMENT OF RENTS - DUE ON SALE**

**This DEED OF TRUST**, made 11/1/2015, between GEORGE W. NASR, herein called Trustor, whose address is 1038 MCCALL DR. CORONA, CA 92881 and VICTOR GUIRGUS, herein called TRUSTEE, and VICTOR ~~GUIRGIS~~ GUIRGUIS, herein called BENEFICIARY,

**WITNESSETH:** That Trustor IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF SALE, that property in the County of RIVERSIDE, State of California, described as:
1038 MCCALL DR. CORONA, CA 92881

**TOGETHER WITH** the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority hereinafter given to and conferred upon Beneficiary by paragraph (10) of the provisions incorporated herein by reference to collect and apply such rents, issues and profits.

**For the Purpose of Securing:** (1) Performance of each agreement of Trustor incorporated by reference or contained herein. (2) Payment of the indebtedness evidenced by one promissory note of even date herewith, and any extension or renewal thereof, in the **PRINCIPAL SUM OF $300,000.00 ACCUMULATED OVER THE YEARS SINCE 2013** executed by Trustor in favor of Beneficiary or order. (3) Payment of such further sums as the then record owner of said property hereafter may borrow from Beneficiary, when evidenced by another note (or notes) reciting it so secured.

**ALIENATION PROVISION:** In the event Trustor(s) or their successor(s) sell, convey, alienate or transfer, in any manner, voluntarily or involuntarily, in whole or in part, the property described in the Deed of Trust, without the written consent of the beneficiary, the whole amount of the then unpaid principal sum and interest thereon shall become immediately due and payable, at the option of the beneficiary.

**DO NOT RECORD**

The following is a copy of provisions (1) to (14), inclusive, of the fictitious Deed of Trust, recorded in each county in California, as stated in the foregoing Deed of Trust and incorporated by reference in said Deed of Trust as being a part thereof as set forth at length therein.

**To protect the Security of this Deed of Trust, Trustor Agrees:**
(1) To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

(2) To provide, maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(3) To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed.

Deed of Trust and Assignment of Rents – Due on Sale

**EXHIBIT 2**

DOC #2017-0415292   Page 2 of 4

(4) To pay: at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all costs, fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do, without notice to or demand upon Trustor, and without releasing Trustor from any obligation hereof, may: make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

(5) To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

(6) That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such monies received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(7) That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(8) That at any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(9) That upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto". Five years after issuance of such full reconveyance, Trustee may destroy said note and this Deed (unless directed in such request to retain them).

(10) That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving onto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(11) That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

Deed of Trust and Assignment of Rents – Due on Sale

EXHIBIT 2

DOC #2017-0415292 Page 3 of 4

(12) Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(13) That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledgees, of the note secured hereby, whether or not named as Beneficiary herein. In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(14) That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

Dated: _10/5/17_

STATE OF CALIFORNIA                )ss
COUNTY OF _Riverside_              )

On _See attached_ before me

personally appeared _See attached_

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_See attached_
NOTARY SIGNATURE

VICTOR GUIRGUIS

GEORGE NASR

SPACE ABOVE RESERVED FOR NOTARY SEAL

Deed of Trust and Assignment of Rents – Due on Sale

EXHIBIT 2

DOC #2017-0415292 Page 4 of 4

## ACKNOWLEDGMENT

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California }
County of _Riverside_ }

On _10·5·17_ before me, _Giovano Caputo, Notary Public_
(here insert name and title of the officer)

personally appeared _George Wafaie Nasr_
_and_
_Victor Louis Guir Guis_,

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Giovano Caputo_

> **GIOVANO CAPUTO**
> Commission # 2126668
> Notary Public - California
> Riverside County
> My Comm. Expires Sep 14, 2019

(Seal)

**EXHIBIT 2**

# EXHIBIT 3

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **George W. Nasr** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the:    CENTRAL DISTRICT OF CALIFORNIA

Case number
(if known)

☐ Check if this is an
amended filing

# Official Form 107

## Statement of Financial Affairs for Individuals Filing for Bankruptcy

4/16

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information.  If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:**    **Give Details About Your Marital Status and Where You Lived Before**

1.    **What is your current marital status?**

☐ Married
■ Not married

2.    **During the last 3 years, have you lived anywhere other than where you live now?**

■ No
☐ Yes. List all of the places you lived in the last 3 years. Do not include where you live now.

| Debtor 1 Prior Address: | Dates Debtor 1 lived there | Debtor 2 Prior Address: | Dates Debtor 2 lived there |
|---|---|---|---|

3.    **Within the last 8 years, did you ever live with a spouse or legal equivalent in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington and Wisconsin.)

☐ No
■ Yes. Make sure you fill out *Schedule H: Your Codebtors* (Official Form 106H).

**Part 2**    **Explain the Sources of Your Income**

4.    **Did you have any income from employment or from operating a business during this year or the two previous calendar years?**
Fill in the total amount of income you received from all jobs and all businesses, including part-time activities.
If you are filing a joint case and you have income that you receive together, list it only once under Debtor 1.

☐ No
■ Yes. Fill in the details.

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | **Sources of income**<br>Check all that apply. | **Gross income**<br>(before deductions and exclusions) | **Sources of income**<br>Check all that apply. | **Gross income**<br>(before deductions and exclusions) |
| From January 1 of current year until the date you filed for bankruptcy: | ■ Wages, commissions, bonuses, tips | **$2,550.00** | ☐ Wages, commissions, bonuses, tips | |
| | ☐ Operating a business | | ☐ Operating a business | |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

EXHIBIT 3

Debtor 1    George W. Nasr                                        Case number (if known)

|  | Debtor 1 Sources of income Check all that apply. | Gross income (before deductions and exclusions) | Debtor 2 Sources of income Check all that apply. | Gross income (before deductions and exclusions) |
|---|---|---|---|---|
| For last calendar year: (January 1 to December 31, 2018 ) | ■ Wages, commissions, bonuses, tips | $12,250.00 | ☐ Wages, commissions, bonuses, tips | |
| | ☐ Operating a business | | ☐ Operating a business | |
| For the calendar year before that: (January 1 to December 31, 2017 ) | ☐ Wages, commissions, bonuses, tips | $30,770.00 | ☐ Wages, commissions, bonuses, tips | |
| | ■ Operating a business | | ☐ Operating a business | |

5.  **Did you receive any other income during this year or the two previous calendar years?**
Include income regardless of whether that income is taxable. Examples of *other income* are alimony; child support; Social Security, unemployment, and other public benefit payments; pensions; rental income; interest; dividends; money collected from lawsuits; royalties; and gambling and lottery winnings. If you are filing a joint case and you have income that you received together, list it only once under Debtor 1.

List each source and the gross income from each source separately. Do not include income that you listed in line 4.

■ No
☐ Yes. Fill in the details.

|  | Debtor 1 Sources of income Describe below. | Gross income from each source (before deductions and exclusions) | Debtor 2 Sources of income Describe below. | Gross income (before deductions and exclusions) |
|---|---|---|---|---|

| Part 3: | List Certain Payments You Made Before You Filed for Bankruptcy |
|---|---|

6.  **Are either Debtor 1's or Debtor 2's debts primarily consumer debts?**
☐ **No.** **Neither Debtor 1 nor Debtor 2 has primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $6,425* or more?
☐ No.  Go to line 7.
☐ Yes  List below each creditor to whom you paid a total of $6,425* or more in one or more payments and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.
  * Subject to adjustment on 4/01/19 and every 3 years after that for cases filed on or after the date of adjustment.

■ **Yes.** **Debtor 1 or Debtor 2 or both have primarily consumer debts.**
During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $600 or more?

☐ No.  Go to line 7.
■ Yes  List below each creditor to whom you paid a total of $600 or more and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

| Creditor's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Was this payment for ... |
|---|---|---|---|---|
| **Flagstar Bank** 5151 Corporate Dr Troy, MI 48098 | 5/2018, 4/2018, 3/2018 | $7,626.00 | $416,831.00 | ■ Mortgage ☐ Car ☐ Credit Card ☐ Loan Repayment ☐ Suppliers or vendors ☐ Other___ |

EXHIBIT 3

Debtor 1    George W. Nasr

| Creditor's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Was this payment for ... |
|---|---|---|---|---|
| BMW Financial Services<br>P.O. Box 78103<br>Phoenix, AZ 85062-8103 | $1150.00 October, November, December 2018 | $3,450.00 | $24,150.00 | ☐ Mortgage<br>☐ Car<br>☐ Credit Card<br>☐ Loan Repayment<br>☐ Suppliers or vendors<br>☑ Other **Car Lease** |

7. **Within 1 year before you filed for bankruptcy, did you make a payment on a debt you owed anyone who was an insider?**
*Insiders* include your relatives; any general partners; relatives of any general partners; partnerships of which you are a general partner; corporations of which you are an officer, director, person in control, or owner of 20% or more of their voting securities; and any managing agent, including one for a business you operate as a sole proprietor. 11 U.S.C. § 101. Include payments for domestic support obligations, such as child support and alimony.

☑ No
☐ Yes. List all payments to an insider.

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment |
|---|---|---|---|---|

8. **Within 1 year before you filed for bankruptcy, did you make any payments or transfer any property on account of a debt that benefited an insider?**
Include payments on debts guaranteed or cosigned by an insider.

☑ No
☐ Yes. List all payments to an insider

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment<br>Include creditor's name |
|---|---|---|---|---|

**Part 4:** Identify Legal Actions, Repossessions, and Foreclosures

9. **Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?**
List all such matters, including personal injury cases, small claims actions, divorces, collection suits, paternity actions, support or custody modifications, and contract disputes.

☐ No
☑ Yes. Fill in the details.

| Case title<br>Case number | Nature of the case | Court or agency | Status of the case |
|---|---|---|---|
| Shivji vs. Nasr, American General<br>BC664177 | Civil Employment Litigation | Los Angeles Superior Court<br>111 North Hill Street<br>Los Angeles, CA 90012 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| James Southern vs Nasr, American General Private Security Corporation, et al.<br>BC622277 | Class Action for Wage and Hour | Los Angeles Superior Court<br>111 North Hill Street<br>Los Angeles, CA 90012 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| Lopez vs. American General Private security Inc., et al.<br>CIVDS1825885 | Class Action | San Bernardino Superior Court<br>247 West Third Street<br>San Bernardino, CA 92407 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |
| Samerdjian vs. Nasr, et al.<br>30-2018-00972004-CU-WT-CXC | Employment & Wrongful Termination | Orange County Superior Court<br>700 Civic Center Drive<br>Santa Ana, CA 92702 | ☑ Pending<br>☐ On appeal<br>☐ Concluded |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

EXHIBIT 3

Debtor 1    George W. Nasr                                                    Case number (if known)

| Case title<br>Case number | Nature of the case | Court or agency | Status of the case |
|---|---|---|---|
| Shivji, Southern vs Nasr, et al.<br>18STCV09160 | Complaint for Constructice Fraud and Fraudulent Transfer | Los Angeles Superior Court<br>111 North Hill Street<br>Beverly Hills, CA 90210 | ■ Pending<br>☐ On appeal<br>☐ Concluded |

10. **Within 1 year before you filed for bankruptcy, was any of your property repossessed, foreclosed, garnished, attached, seized, or levied?**
Check all that apply and fill in the details below.

☐ No. Go to line 11.
■ Yes. Fill in the information below.

| Creditor Name and Address | Describe the Property<br><br>Explain what happened | Date | Value of the property |
|---|---|---|---|
| Bmw Financial Services<br>Attn: Bankruptcy Department<br>Po Box 3608<br>Dublin, OH 43016 | 2016 Mini Cooper S.  Lease.<br>Car Returned to Dealer in March 2018<br><br>■ Property was repossessed.<br>☐ Property was foreclosed.<br>☐ Property was garnished.<br>☐ Property was attached, seized or levied. | March 2017 | Unknown |

11. **Within 90 days before you filed for bankruptcy, did any creditor, including a bank or financial institution, set off any amounts from your accounts or refuse to make a payment because you owed a debt?**
■ No
☐ Yes. Fill in the details.

| Creditor Name and Address | Describe the action the creditor took | Date action was taken | Amount |
|---|---|---|---|

12. **Within 1 year before you filed for bankruptcy, was any of your property in the possession of an assignee for the benefit of creditors, a court-appointed receiver, a custodian, or another official?**
■ No
☐ Yes

**Part 5:    List Certain Gifts and Contributions**

13. **Within 2 years before you filed for bankruptcy, did you give any gifts with a total value of more than $600 per person?**
■ No
☐ Yes. Fill in the details for each gift.

| Gifts with a total value of more than $600 per person<br><br>Person to Whom You Gave the Gift and Address: | Describe the gifts | Dates you gave the gifts | Value |
|---|---|---|---|

14. **Within 2 years before you filed for bankruptcy, did you give any gifts or contributions with a total value of more than $600 to any charity?**
■ No
☐ Yes. Fill in the details for each gift or contribution.

| Gifts or contributions to charities that  total more than $600<br>Charity's Name<br>Address (Number, Street, City, State and ZIP Code) | Describe what you contributed | Dates you contributed | Value |
|---|---|---|---|

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com
                                                                                Best Case Bankruptcy

EXHIBIT 3

Debtor 1   **George W. Nasr**                                    Case number *(if known)*

**Part 6:**   List Certain Losses

15. Within 1 year before you filed for bankruptcy or since you filed for bankruptcy, did you lose anything because of theft, fire, other disaster, or gambling?

☑ No
☐ Yes. Fill in the details.

| Describe the property you lost and how the loss occurred | Describe any insurance coverage for the loss<br>Include the amount that insurance has paid. List pending insurance claims on line 33 of *Schedule A/B: Property.* | Date of your loss | Value of property lost |
|---|---|---|---|

**Part 7:**   List Certain Payments or Transfers

16. Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone you consulted about seeking bankruptcy or preparing a bankruptcy petition?
Include any attorneys, bankruptcy petition preparers, or credit counseling agencies for services required in your bankruptcy.

☐ No
☑ Yes. Fill in the details.

| Person Who Was Paid<br>Address<br>Email or website address<br>Person Who Made the Payment, if Not You | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| Farhat Law Firm, APC<br>232 E Grand Blvd, Suite 202<br>Corona, CA 92879<br>dina@farhatlawfirm.com | **Attorney Fees** | | $1,200.00 |
| Dollar Learning Foundation, Inc.<br><br>www.dollarbk.org | **Certificate of Counseling** | 12/28/2018 | $20.00 |

17. Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone who promised to help you deal with your creditors or to make payments to your creditors?
Do not include any payment or transfer that you listed on line 16.

☑ No
☐ Yes. Fill in the details.

| Person Who Was Paid<br>Address | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|

18. Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of your business or financial affairs?
Include both outright transfers and transfers made as security (such as the granting of a security interest or mortgage on your property). Do not include gifts and transfers that you have already listed on this statement.

☐ No
☑ Yes. Fill in the details.

| Person Who Received Transfer<br>Address<br><br>Person's relationship to you | Description and value of property transferred | Describe any property or payments received or debts paid in exchange | Date transfer was made |
|---|---|---|---|
| George Ahad MD, Inc.<br>947 S. Anaheim Blvd, Suite 240<br>Anaheim, CA 92805<br><br>None | **200,000 shares of corporation known as GEORGE AHAD MD, INC., which constitutes 20% interest in the corporation.** | **Waiver of any payment as to liability and debt then owned by the corporation.** | January 1, 2015 |

EXHIBIT 3

Debtor 1    George W. Nasr

Case number *(if known)*

| Person Who Received Transfer Address<br><br>Person's relationship to you | Description and value of property transferred | Describe any property or payments received or debts paid in exchange | Date transfer was made |
|---|---|---|---|
| Sara Samir Samaan<br>3432 Eagle Crest Drive<br>Corona, CA 92881<br><br>None | 3432 Eagle Crest, Corona, CA | $372,000 (paid off existing mortgage) | 8/22/2017 |
| Samer Kauzman<br>3432 Eaglec Crest Drive<br>Corona, CA 92881<br><br>None | 2011 Ford F150 4d Crew Cab Platinum<br>Mileage 77,328<br>Appraised by Carmax on 1/13/2018 for $19,000 | Paid the sum of $21,500 | January 18, 2018 |

19. Within 10 years before you filed for bankruptcy, did you transfer any property to a self-settled trust or similar device of which you are a beneficiary? (These are often called *asset-protection devices*.)
☐ No
■ Yes. Fill in the details.

| Name of trust | Description and value of the property transferred | Date Transfer was made |
|---|---|---|
| The Ana and Josy Trust (9/13/2013) | Real Property located at 1038 McCall Drive, Corona, CA 92882 (per divorce decree, this home belongs to Debtor)<br>Real Property located at 1240 N. Jefferson Drive, Suite D, Anaheim, CA 92807 (per divorce decree, this property belongs to Lorin Mansour) | 10/22/2013 |

**Part 8:    List of Certain Financial Accounts, Instruments, Safe Deposit Boxes, and Storage Units**

20. Within 1 year before you filed for bankruptcy, were any financial accounts or instruments held in your name, or for your benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; shares in banks, credit unions, brokerage houses, pension funds, cooperatives, associations, and other financial institutions.
☐ No
■ Yes. Fill in the details.

| Name of Financial Institution and Address (Number, Street, City, State and ZIP Code) | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| Citibank<br>P.O. Box 77713<br>Corona, CA 92877 | XXXX-2805 | ■ Checking<br>☐ Savings<br>☐ Money Market<br>☐ Brokerage<br>☐ Other____ | Closed on 1/9/2018 | $347.18 |

21. Do you now have, or did you have within 1 year before you filed for bankruptcy, any safe deposit box or other depository for securities, cash, or other valuables?

■ No
☐ Yes. Fill in the details.

| Name of Financial Institution Address (Number, Street, City, State and ZIP Code) | Who else had access to it? Address (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
|---|---|---|---|
| | | | |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

EXHIBIT 3

Debtor 1    George W. Nasr                                                    Case number *(if known)*

22. **Have you stored property in a storage unit or place other than your home within 1 year before you filed for bankruptcy?**

■ No
☐ Yes. Fill in the details.

| Name of Storage Facility<br>Address (Number, Street, City, State and ZIP Code) | Who else has or had access<br>to it?<br>Address (Number, Street, City,<br>State and ZIP Code) | Describe the contents | Do you still<br>have it? |
|---|---|---|---|

**Part 9:    Identify Property You Hold or Control for Someone Else**

23. **Do you hold or control any property that someone else owns? Include any property you borrowed from, are storing for, or hold in trust for someone.**

■ No
☐ Yes. Fill in the details.

| Owner's Name<br>Address (Number, Street, City, State and ZIP Code) | Where is the property?<br>(Number, Street, City, State and ZIP<br>Code) | Describe the property | Value |
|---|---|---|---|

**Part 10:    Give Details About Environmental Information**

For the purpose of Part 10, the following definitions apply:

■ *Environmental law* means any federal, state, or local statute or regulation concerning pollution, contamination, releases of hazardous or toxic substances, wastes, or material into the air, land, soil, surface water, groundwater, or other medium, including statutes or regulations controlling the cleanup of these substances, wastes, or material.

■ *Site* means any location, facility, or property as defined under any environmental law, whether you now own, operate, or utilize it or used to own, operate, or utilize it, including disposal sites.

■ *Hazardous material* means anything an environmental law defines as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, contaminant, or similar term.

Report all notices, releases, and proceedings that you know about, regardless of when they occurred.

24. **Has any governmental unit notified you that you may be liable or potentially liable under or in violation of an environmental law?**

■ No
☐ Yes. Fill in the details.

| Name of site<br>Address (Number, Street, City, State and ZIP Code) | Governmental unit<br>Address (Number, Street, City, State and<br>ZIP Code) | Environmental law, if you<br>know it | Date of notice |
|---|---|---|---|

25. **Have you notified any governmental unit of any release of hazardous material?**

■ No
☐ Yes. Fill in the details.

| Name of site<br>Address (Number, Street, City, State and ZIP Code) | Governmental unit<br>Address (Number, Street, City, State and<br>ZIP Code) | Environmental law, if you<br>know it | Date of notice |
|---|---|---|---|

26. **Have you been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

■ No
☐ Yes. Fill in the details.

| Case Title<br>Case Number | Court or agency<br>Name<br>Address (Number, Street, City,<br>State and ZIP Code) | Nature of the case | Status of the<br>case |
|---|---|---|---|

**Part 11:    Give Details About Your Business or Connections to Any Business**

27. **Within 4 years before you filed for bankruptcy, did you own a business or have any of the following connections to any business?**

☐ A sole proprietor or self-employed in a trade, profession, or other activity, either full-time or part-time

☐ A member of a limited liability company (LLC) or limited liability partnership (LLP)

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                              Best Case Bankruptcy

EXHIBIT 3

Debtor 1    George W. Nasr
Case number (if known)

☐ A partner in a partnership

■ An officer, director, or managing executive of a corporation

☐ An owner of at least 5% of the voting or equity securities of a corporation

☐ No. None of the above applies. Go to Part 12.

■ Yes. Check all that apply above and fill in the details below for each business.

| Business Name<br>Address<br>(Number, Street, City, State and ZIP Code) | Describe the nature of the business<br><br>Name of accountant or bookkeeper | Employer Identification number<br>Do not include Social Security number or ITIN.<br><br>Dates business existed |
|---|---|---|
| American General Private Security Corp.<br>1240 N. Jefferson Street #D<br>Anaheim, CA 92807 | Security Guard<br><br>Karam Azmy<br>585 N. Mountain Avenue, Suite D<br>Upland, CA 92786 | EIN: 20-8629132<br><br>From-To 2007 - 2017 |
| A&G Uniform Inc<br>4371 Driving Range Road<br>Corona, CA 92883 | Business never operated. Corporation has never done business and been working on closing corporation.<br><br>Karam Azmy<br>585 N. Mountain Avenue, Suite D<br>Upland, CA 91786 | EIN: 47-4555040<br><br>From-To 7/10/2015 (never operated or done business since inception) FTB Suspended |

28. Within 2 years before you filed for bankruptcy, did you give a financial statement to anyone about your business? Include all financial institutions, creditors, or other parties.

☐ No
■ Yes. Fill in the details below.

| Name<br>Address<br>(Number, Street, City, State and ZIP Code) | Date Issued |
|---|---|
| Karam Azmy, Accountant<br>585 N. Mountain Avenue<br>Upland, CA 91786 | |

**Part 12:** Sign Below

I have read the answers on this *Statement of Financial Affairs* and any attachments, and I declare under penalty of perjury that the answers are true and correct. I understand that making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

George W. Nasr
**Signature of Debtor 1** .

Signature of Debtor 2

Date    **January 11, 2019**

Date

Did you attach additional pages to *Your Statement of Financial Affairs for Individuals Filing for Bankruptcy* (Official Form 107)?
■ No
☐ Yes

Did you pay or agree to pay someone who is not an attorney to help you fill out bankruptcy forms?
■ No
☐ Yes. Name of Person _____. Attach the *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

EXHIBIT 3

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| **PLAINTIFFS**<br>LYNDA T. BUI, solely in her capacity as Chapter 7 Trustee for the bankruptcy estate of George W. Nasr | **DEFENDANTS**<br>VICTOR LOUIS GUIRGUIS, an individual |
|---|---|

| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Leonard M. Shulman - Bar No. 126349<br>Brandon J. Iskander - Bar No. 300916<br>SHULMAN HODGES & BASTIAN LLP<br>100 Spectrum Center Drive, Suite 600<br>Irvine, California 92618<br>Telephone: (949) 340-3400 | **ATTORNEYS** (If Known) |
|---|---|

| **PARTY** (Check One Box Only) | **PARTY** (Check One Box Only) |
|---|---|
| ☐ Debtor  ☐ U.S. Trustee<br>☐ Creditor  ☐ Other<br>☒ Trustee | ☐ Debtor  ☐ U.S. Trustee<br>☐ Creditor  ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

COMPLAINT FOR:  1) AVOIDANCE OF INTENTIONAL FRAUDULENT TRANSFERS AND RECOVERY OF SAME [11 U.S.C. §§ 544, 548, 550; CAL. CIV. CODE §§ 3439.04, 3439.07]; 2) AVOIDANCE OF CONSTRUCTIVE FRAUDULENT TRANSFERS AND RECOVERY OF SAME [11 U.S.C. §§ 544, 548, 550;  CAL. CIV. CODE §§3439.04, 3439.05, 3439.07]; 3) PRESERVATION OF AVOIDED TRANSFERS [11 U.S.C. § 551]; 4) DISALLOWANCE OF CLAIMS [11 U.S.C. § 502(d)]; and 5) UNJUST ENRICHMENT [11 U.S.C. § 105]

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☒ [3] 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☒ [1] 13-Recovery of money/property - §548 fraudulent transfer
☒ [2] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation

☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ [4] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>GEORGE W. NASR aw American General Private Security Corp aw A&G Uniform Inc. | BANKRUPTCY CASE NO.<br>6:19-bk-10263-SY | |
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL DISTRICT | DIVISION OFFICE<br>RIVERSIDE DIVISION | NAME OF JUDGE<br>HONORABLE SCOTT H. YUN |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Brandon J. Iskander | | |
| DATE<br><br>June 10, 2019 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Brandon J. Iskander | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form B1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.